IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Edwards, #03245-000, | ) |
| | ) C/A No. 3:09-2340-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Mr. Michael A. Zenk, Warden; | ) **O R D E R** |
| Mr. Romero, Associate, Warden; | ) |
| Mr. J.E. Stewart, Unit Manager; | ) |
| Mr. Micheal Howard, SIS Lt.; | ) |
| Ms. C.C. Gladney, Case Manager; | ) |
| Ms. Susan Hislop, DHO; and Ms. Leslie L. | ) |
| Carpenter, Case Manager, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Joseph Edwards is an inmate in custody of the Bureau of Prisons. He currently is incarcerated at FCI Edgefield in Edgefield, South Carolina. Plaintiff, appearing pro se, filed the within action on September 10, 2009, alleging that his constitutional rights were violated in various respects when he was incarcerated at USP-Atlanta, Georgia. Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996. On September 22, 2009, the Magistrate Judge filed a Report and Recommendation in which he determined that the court lacks personal jurisdiction over the parties. The Magistrate Judge noted that the federal court in the Northern District of Georgia is the proper form in which to adjudicate the within action. Accordingly, the Magistrate Judge recommended that the court transfer the case to the United States District Court for the Northern District of Georgia.

On October 2, 2009, Plaintiff filed a document in which he stated that did not oppose the transfer of the case. Plaintiff also requested the appointment of counsel.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's complaint is transferred in the interests of justice to the United States District Court for the Northern District of Georgia for further handling, including a ruling on Plaintiff's motion for counsel.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 28, 2009